# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

RAYSHELL S. JOHNSON,

                                  Plaintiff,

    vs.                                                        5:20-CV-1053 (DNH/ATB)

TUCKER MISSIONARY BAPTIST
CHURCH, et al.,

                                  Defendants.

RAYSHELL S. JOHNSON, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint filed by pro se plaintiff Rayshell S. Johnson, together with an application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2).

**I.**    **IFP Application**

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2). After reviewing this application, this court finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

**II.   Complaint**

Plaintiff's complaint is difficult to decipher. (Complaint ("Compl.") (Dkt. No. 1). She states that she has been making complaints about the Syracuse Police Department for more than two years. (Compl. ¶ 4) (Facts).  However, she has listed the "Sheriff's Department" as a defendant.[1] (Compl. ¶ 3(b)).  Plaintiff states that she was "forcefully abused and lied to," and she was "imprisoned for 61 days for disorderly conduct 9/24/19." (Compl. ¶ 4).

Plaintiff states that, on an unspecified date, she was riding on a Centro bus, and she was punched in the nose by another passenger, who allegedly accused plaintiff of stepping on his feet. (Compl. ¶ 5) (First Cause of Action).[2]  Plaintiff states that charges were brought against her. (*Id.*)  She asserts that she has "video." (*Id.*)  Under the "Second Cause of Action," plaintiff states that the "Sheriff's Police Department" forcefully abused her.[3]  Plaintiff states that she has "video," proving that there was no reason for the officer to put his hands on her "at all." (*Id.*)

In what appears to be a different incident, and again with no date listed,[4] plaintiff

---

[1] The address plaintiff has listed for this defendant is for the Onondaga County Sheriff's Department, not the Syracuse Police Department.

[2] Although paragraph 5 of the form-complaint is entitled "Causes of Action," plaintiff has simply continued the facts of her complaint in this section.  The complaint actually lists no causes of action.

[3] It is unclear whether this alleged abuse occurred during the incident described in the first paragraph, and no date is listed.

[4] Although plaintiff has not listed a date for this incident, she does state that it occurred on a day that the Pastor was collecting money for his wife. (Compl. ¶ 5) (Third Cause of Action).

3

states that she was "kicked out" and "dragged down the aisle during church." (Compl. ¶ 5) (Third Cause of Action). Plaintiff states that when she complained to the "Syr. Police dept, they stated allegation [sic] where [sic] not true."[5] (*Id.*) Plaintiff also states that "they record all church session[s]." (*Id.*) She asserts that there is a "video" that will "confirm." (*Id.*)

Plaintiff states that she feels like all of her civil and constitutional rights "have been crossed," and she seeks "maximum rewards on all cases."[6]

## I.     Section 1983 - State Action

### A.     Legal Standards

In order to bring a civil rights action under 42 U.S.C. § 1983, the plaintiff must establish that a defendant, who acts under color of state law, has caused the deprivation of a right protected by the federal constitution or laws. 42 U.S.C. § 1983. A person acts under color of state law when he or she acts in his or her official capacity, "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49

---

[5] Plaintiff may be trying to say that she was kicked out of church and dragged down the aisle, but that when she complained to the police, they did not believe her allegations.

[6] The court notes that plaintiff filed four federal court actions on the same day, only one of which has been assigned to me for review. *See Johnson v. Syracuse Police Dep't et al.*, No. 5:20-CV-1052 (MAD/TWD); *Johnson v. Tucker Missionary Baptist Church, et al.*, No. 5:20-CV-1053 (DNH/ATB); *Johnson v. Syracuse Police Dep't, et al.*, No. 5:20-CV-1054 (DHN/ML); and *Johnson v. Syracuse Police Dep't, et al.*, No. 5:20-CV-1055 (GTS/ML).

(1988)).

The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

**B.     Application**

Plaintiff has named the Tucker Missionary Baptist Church ("TMBC") and "all others" as defendants in this action. (Compl. at 1) (Caption). Plaintiff alleges that she was kicked out of church and dragged down the aisle on a day during which the Pastor was collecting money for his wife. (Compl. ¶ 5) (Third Cause of Action). In the body of the form-complaint, under the list of defendants, plaintiff also lists the "Pastor" of TMBC. (Compl. ¶ 3(a)). Neither the church, nor the church's staff, including the Pastor

of the church act under color of state law,[7] and they are not proper defendants under section 1983.

There is no indication in the complaint that any of the church staff acted in "joint activity" with the state. Plaintiff alleges that the Police told plaintiff that her allegations about the incident "were not true," and that all church sessions were recorded. (*Id.*) Plaintiff claims that there is a video to confirm her allegations, but none of these statements of fact indicate that the church or it's employees acted under color of state law. Thus, any claims against TMBC or its employees must be dismissed.

## II.     Police "Departments"

### A.     Legal Standards

"'[D]epartments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot be sued.'" *Burris v. Nassau County District Attorney*, No. 14-CV-5540, 2017 WL 9485714, at *4 (E.D.N.Y. Jan. 12, 2017) (quoting *Harris v. Nassau County*, No. 13-CV-4728, 2016 WL 3023265, at *12 (E.D.N.Y. May 24, 2016) (dismissing claims against the Nassau County Police Department because it is an administrative arm of the municipality of Nassau County)) (also citing *Pooler v. Hempstead Police Dep't*, 897 F. Supp. 2d 12, 21 (E.D.N.Y. 2012) (dismissing claims against Hempstead Police Department and holding that the Hempstead Police Department is an "administrative

---

[7] It is unclear who "all others" might be, but if plaintiff is suing anyone affiliated with the TMBC or its staff, none of these individuals act under color of state law for purposes of section 1983.

arm" of the Village of Hempstead); *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claims against Lynbrook Police Department); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) ("The court also dismisses the claims against the New York City Police Department which cannot be sued independently because it is an agency of the City of New York").

### B.  Application

The complaint contains two problems in this regard.  First, it is unclear whether plaintiff is suing the Syracuse Police Department or the Onondaga County Sheriff's Department.  They are two completely different entities.  The caption does not list either department, the Fact section of the complaint lists the Syracuse Police Department (Compl. ¶ 4 - Facts) and the "Sheriff's Police Department" in one of the "Causes of Action." (Compl. ¶ 5 - Second Cause of Action).  The list of defendants names only the "Sheriff's Dept.," with the address of the Onondaga County Sheriff's Department.  (Compl. ¶ 3(b)).

Plaintiff cannot sue either department as an entity, and the complaint may be dismissed on that basis.  It is true that the plaintiff could sue the municipality itself, rather than one of its "departments."[8]  However, a municipality may only be named as a defendant in certain circumstances.  In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a

---

[8] A pro se plaintiff's pleadings are interpreted to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 36 (2010). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly.

Finally, municipal liability can, under limited circumstances, be based upon a failure to properly train the municipality's employees. *Id.* However, municipal liability is most tenuous when a claim turns on the failure to train. *Id.* (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell ")). To satisfy the statute, a municipality's failure to train its employees must amount to "'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.*

(citation omitted).

Even though the plaintiff lists only the Sheriff's Department as a defendant, the court suspects that plaintiff might be attempting to name the Syracuse Police Department. If plaintiff had named the "Syracuse Police Department" alone, the court could substitute the City of Syracuse as a defendant and allow plaintiff to amend her complaint in an attempt to assert a custom or policy against the City. Such a degree of speculation is inappropriate at this time. As it stands, the complaint is overly vague and claims only that plaintiff has been making unspecified "complaints" against the Syracuse Police Department for more than two years (Compl. ¶ 4), and that on an unspecified date, a police officer[9] put his hands on her inappropriately. (Compl. ¶ 4 (Facts) & ¶ 5 - Second Cause of Action). She also states that although she was punched in the nose by a younger gentleman on a Centro Bus, charges were brought against her, but there are no other facts describing this incident or what any police officer or officers may have done.[10]

"[C]omplaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810

---

[9] In this paragraph, plaintiff states that the "Sheriffs [sic] Police dept" forcefully abused her. (Compl. ¶ 5 - Second Cause of Action).

[10] It appears that 5:20-CV-1054 (DNH/ML) and 5:20-CV-1055 (GTS/ML) contain some further facts regarding this incident. (Complaint 20-CV-1054 at ¶ 7) and (Complaint 20-CV-1055 at ¶¶ 8-9) (although both of these complaints have been improperly filed on a form used for employment discrimination cases under Title VII).

F.2d 358, 363 (2d Cir. 1987) (citing *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977); *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976); *Powell v. Jarvis*, 460 F.2d 551, 553 (2d Cir.1972)). Plaintiff's conclusory allegations in this case have failed to state a constitutional claim against the City of Syracuse, the County of Onondaga, or any individual officer working for either department. Thus, this court must recommend dismissal of plaintiff's complaint against the Syracuse Police Department or the Sheriff's Department.

### III.   Opportunity to Amend

#### A.   Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

#### B.   Application

##### 1.   TMBC

With respect to plaintiff's claims against the church, this court must recommend dismissal for lack of jurisdiction, without prejudice, but without the opportunity to

amend because there is no amendment that plaintiff can propose, based on the facts, which will cure the jurisdictional defect of lack of state action.

### 2. Police Departments

The court must also recommend dismissal of plaintiff's complaint to the extent that it names either the Syracuse Police Department or the Onondaga County Sheriff's Department.[11] However, the court will recommend dismissing the case without prejudice to plaintiff amending her complaint to the extent that she can name an individual officer or officers (of either department) who actually used excessive or inappropriate force against her. She may also amend her complaint to name a municipality if she believes that there is some sort of unconstitutional policy or custom. She must also include the dates of any alleged action by a defendant or defendants.

As stated above, this plaintiff filed three cases in addition to this one on the same day, all suing the Syracuse Police Department in some form. If plaintiff is allowed to amend her complaint, the plaintiff must be directed not to duplicate any claims against a defendant that she has already brought in another one of her lawsuits.[12]

This is only a recommended dismissal. Plaintiff should wait for the district court judge to act on this recommendation before filing an amended complaint. If plaintiff is

---

[11] The court notes that plaintiff has done the same in each of the cases she filed on September 7, 2020. She has sued both the Syracuse Police Department and the "Syracuse" Sheriff's Department which does not exist.

[12] The court notes that 5:20-CV-1054 and 20-CV-1055 have many of the same factual statements as in the instant case and appear to be somewhat related.

allowed to, and chooses to file an amended complaint, it must be a new, complete pleading. The amended complaint must supercede the original, and the new complaint may **not** incorporate any facts by reference from the original. If the court adopts this recommendation, plaintiff should be afforded thirty (30) days to file an amended complaint or request an extension of time to do so. If and when she files an amended complaint, the district court may direct that the clerk forward any amended complaint to me for initial review.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED**, for purposes of filing and initial review, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND** as against the **TUCKER MISSIONARY BAPTIST CHURCH, ITS PASTOR, AND ITS EMPLOYEES**, and it

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY** as against the **SYRACUSE POLICE DEPARTMENT** and/or the **SHERIFF'S DEPARTMENT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** as outlined above, and it is

**RECOMMENDED**, that if the court adopts this Order and Report-Recommendation, plaintiff be given thirty (30) days to file an amended complaint or

request an extension of time within which to do so, and it is

**RECOMMENDED**, that if plaintiff is allowed to file an amended complaint against a municipality or individual officers of that municipality's police force, she be informed that any amended complaint must be a **complete pleading** which will **supercede the original**. She may **not** incorporate any of the facts in the original by reference into the amended complaint, and she may **not** repeat the same claims that she has made in her other federal lawsuits against the same defendants, and it is

**RECOMMENDED**, that if plaintiff files such an amended complaint, the pleading be returned to me for further review, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 15, 2020

Andrew T. Baxter
U.S. Magistrate Judge